IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN AYALA,

    Plaintiff,

v.                                                                                                                         No. 1:22-cv-00979-MIS-KK

STATE OF NEW MEXICO;
UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;
STATE OF TEXAS; et al.

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, stated the following for the background of his case:

> Invioce needs submitting & accurring overt tryanny damages by Defendants are at telos, at the process of completing & submitting the Appellant Record "Exhibit A" where I can not afford, indigent pro se: Being Deined Cash Assistance, or General Assistane, or Unemployment, or employment, or Public Assistance, or Any Home Fund assistance, or Rental Assistance, or Bus voucher to an opreating welfare Program. Just Food stamps.

[sic] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed December 28, 2022 ("Complaint"). Plaintiff asserted claims for "abuse of power & authority by invisible powers by undercover law enforcement or posing as a law officer with no assertion for fundamental prohibitions of the law" and supports those claims with the following facts: "Attached is a temporary relief & is both a restraiting order task and temporary claims court relief to personal arbitrational awards toward full compensation, including a public & multi-city & state Gov. controvesy and would benefit this court proceedings for a docket no. or hearing." [sic] Complaint at 3. The Complaint names the State of New Mexico, the

1

State of Texas, the United States of America, the Department of Homeland Security and unidentified parties as Defendants. See Complaint at 1.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff:

> The Complaint fails to state a claim upon which relief can be granted. Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint does not describe what each Defendant did to Plaintiff, when they did it, how each Defendant's action harmed Plaintiff or what specific right Plaintiff believes each Defendant violated.

Order at 3, Doc. 6, filed December 29, 2023. Judge Khalsa also notified Plaintiff:

> it appears the Complaint should be dismissed because it does not allege facts showing the Court has jurisdiction over this matter. . . .
>
> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013). But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir. 2013).
>
> *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014). The Complaint does not allege facts showing that Congress has abrogated New Mexico and Texas' immunity or that New Mexico and Texas have waived immunity. "Sovereign immunity generally shields the United States, its agencies, and its officer acting in their official capacity from suit ... a party seeking to assert a claim against the government ... must also point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apartments, Ltd. v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009). The Complaint does not identify a waiver of the United States' immunity.

Order at 3-4. Judge Khalsa ordered Plaintiff to file an amended complaint. *See* Order at 5.

Much of Plaintiff's Amended Complaint is incoherent. *See* Amended Complaint, Doc. 8, filed January 10, 2023. Plaintiff refers to a case in the United States District Court for the Western District of Texas, and appears to discuss his criminal proceedings from 1994-1994, his "Incarceration in 2005-2008," his "Incarceration in 2014-2016," and his "Incarceration in 2019-2022," *See* Complaint at 1-2, 4, 6-7.

Plaintiff has not alleged facts that support jurisdiction over his claims against the State of New Mexico, the State of Texas, the United States or the United States Department of Homeland Security. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff attached to his Amended Complaint an unsigned document titled "Valid Wavier [sic] of State Sovereign Immunity" which states "I, [blank]     , the New Mexico Governor, Michelle Lujan Grisham by affixing my signature, do voluntarily ... give consent to Sue the State of New Mexico . . . ." Amended Complaint at 12. Plaintiff has not alleged any facts or cited any statutes showing that the State of New Mexico, the State of Texas, the United States or the United States Department of Homeland Security waived sovereign immunity or that Congress has abrogated their sovereign immunity.

The Court dismisses this case without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without

prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Plaintiff also filed a Motion to Change Jurisdiction and Venue which states:

> COMES NOW, Benjamin Ayala, Pro Se, in a State of Urgency to answer a 2007,2018, & 2019 Motion(s) to Change Jurisdiction and Venue under the Detainee Treatment Act (D.T.A.) of 2005 challenge supra Hamas - A Gitmo Trial in Guantanamo Bay where similarity in wording and event have transpired Burtal Hate Crime against plaintiff, pro se, and public controversy to extreme usage of punishment for Captiol Offense during Summary Justice and will show the following in support:
>
> Respectfully requesting for an Evidentiary Hearing - Harm Analyze Review into Promulgation of Unequal Laws that Chief Justice have stated is imperfected law where that State's might have been using Arbitrational Laws and Tort Violations when construing the United States of America Constitution for there own rules against that of other World Nations and World Laws.
>
> Therefore All Things Considered, WWI, WWII, the Great Depression, and the Great Economical Crisis to recover a life worth living, and the Great Resignation into NSA Final Deliberation on Abuse of Power and Authority by a Run away HB:1994 on the War on Drugs private and personal affidavits, motions, writs, petitions, briefs for peaceful redress is where I would also want my day in a tangible open court, and ICC - intervention for Torture Victims Fund toward a Diplomatic Attorney where I believe we may all have that right.

Motion to Change Jurisdiction and Venue for an Amended Serquestation [sic] Procedure under Imprefected [sic] §2241 to Reach a Higher Court, Doc. 7, filed January 4, 2023. The Court denies Plaintiff's Motion to Change Jurisdiction and Venue because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

4

(ii)     Plaintiff's Motion to Change Jurisdiction and Venue for an Amended Serquestation [sic] Procedure under Imprefected [sic] §2241 to Reach a Higher Court, Doc. 7, filed January 4, 2023, is **DENIED.**

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE